UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:17-CR-005 |
| | ) | |
| RONALD ALLEN RADFORD | ) | |

## **MEMORANDUM AND ORDER**

The defendant pled guilty to distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2) and will be sentenced on August 15, 2017. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 22] to which the defendant has raised several objections [doc. 25]. The United States has filed a responsive brief [doc. 26]. For the reasons that follow, the defendant's objections will be sustained in part and otherwise overruled.

The PSR in this case sets a *base* offense level of 22 pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2G2.2(a)(2). The defendant's *adjusted* offense level is 37 after application of five special offense characteristics found in U.S.S.G. § 2G2.2(b). With a criminal history category of one and a *total* offense level of 34, the advisory guideline range is 151 to 188 months.

The defendant challenges each of the 2G2.2(b) increases as overly harsh, cumulative, or unsupported by empirical data. The court is not required to accept the defendant's arguments. *See, e.g., United States v. Bistline*, 665 F.3d 758 (6th Cir. 2012). However, the court is of course free to reject any provision of § 2G2.2 based on

sufficiently-articulated policy grounds.  *See id.* at 761.

The court will first address the defendant's criticism of advisory guideline subsections 2G2.2(b)(2) and (b)(4).  Those enhancements relate to the nature of the images involved in the offense of conviction.  Citing statistical evidence, the defendant argues that images of this character are found in most federal child pornography prosecutions, and therefore these offense level increases are unwarranted because such images are so common.  The court disagrees.

Presuming that the defendant's statistical evidence has some validity, the court has no proof before it that those statistics show anything more than a decision by United States Attorney's Offices to devote their limited resources to the prosecution of offenses involving these most egregious of images.  In any event, the court considers the types of images addressed by advisory guideline subsections (b)(2) and (b)(4) to be truly the worst of the worst in these cases, and as such they merit harsher sentences.

The defendant also suggests that subsections (b)(2) and (b)(4) should not be applied absent evidence that he specifically sought out those types of images (as opposed to inadvertently coming across them in broader internet searches).  This argument is wholly without merit.  Subsection (b)(2) and (b)(4) images were found on, and thus had been downloaded onto, the defendant's own smartphone.  The defendant's 2G2.2(b)(2) and (b)(4) objections will accordingly be overruled.

Next, the defendant objects to the two-level increase, pursuant to U.S.S.G. § 2G2.2(b)(3)(F), for knowingly engaging in distribution of child pornography.  The defendant argues that his distribution was merely "passive" and that application of

2

subsection (b)(3)(F) amounts to impermissible double-counting because the act of distribution is already taken into account in his base offense level. The court disagrees on both points.

The base offense level of 22 is set by guideline 2G2.2(a)(2). That subsection applies to violations of 18 U.S.C. § 2252A(a)(2), the defendant's statute of conviction. Section 2252A(a)(2) can be violated by either distributing or receiving child pornography. *See* 18 U.S.C. § 2252A(a)(2). Therefore, a base offense level of 22 does not necessarily take into account the act of distribution. "This structure cannot be understood to address the harm associated with the distribution of child pornography in a base offense level of 22 that applies equally to a variety of offenses, some involving distribution and others not. Rather, § 2G2.2 is structured so that the range of harms associated with distribution can be addressed through various enhancements." *United States v. Walters*, 775 F.3d 778, 784 (6th Cir. 2015) (citation omitted). Further, the two-level (b)(3)(F) enhancement covers "passive" distribution such as the use of peer-to-peer software. *Id.* at 784-85. The court finds it appropriate to increase the present defendant's offense level by way of § 2G2.2(b)(3)(F) because he distributed child pornography, and his objection on that issue will be overruled.

Turning to the defendant's arguments relating to guideline 2G2.2(b)(6) and (b)(7)(D), the court agrees that full application of these two provisions results in a slightly overstated sentencing range in this case. Section (b)(6) applies "[i]f the offense involved the use of a computer . . . ." One justification for that enhancement is that internet technology dramatically increases the ease with which child pornography can be

spread throughout the world. The high number of images involved in the present case, all of which presumably were obtained via the internet, clearly illustrates that point. At the same time, however, the court cannot recall a child pornography prosecution in the last decade (or beyond) which did not involve, primarily or in full, a computer.

As for the defendant's objection to the (b)(7) "number of images" enhancement, the quantity of images in this case is among the highest this court has seen. Pursuant to advisory guideline § 2G2.2(b)(7)(D), the PSR increases the defendant's offense level by five because the offense involved more than 600 images. In this case, 620 still images and 190 videos of child pornography were identified on the defendant's smartphone. [PSR ¶ 12]. Those totals equate to 14,870 "images" under the guidelines – almost twenty-five times the highest (b)(7) threshold. *See* U.S.S.G. § 2G2.2 cmt. n.6. The court feels that this substantial number of images merits imposition of the five-level quantity enhancement.

However, to also increase the present defendant's offense level by two under guideline 2G2.2(b)(6) for use of a computer is excessive. His offense level is already increased by seven for the number of images obtained by computer and for distributing by computer. That is enough. Therefore, solely on the facts of this particular case, the court will not apply guideline 2G2.2(b)(6). With that adjustment, the defendant's total offense level becomes 32, his criminal history category remains one, and his advisory guideline range is reduced to 121 to 151 months.

The defendant's objections to his PSR are, as explained herein, **SUSTAINED IN PART**, as to U.S.S.G. § 2G2.2(b)(6) only, and otherwise **OVERRULED**.  Sentencing remains set for Tuesday, August 15, 2017, at 10:15 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge